*[INDIVIDUAL DEBTOR WITH **SOLE OWNERSHIP** OF PROPERTY*
*USING **HOMESTEAD**]*
*[FULL AVOIDANCE]* [1]

**FILED**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
__Raleigh__ **DIVISION**

OCT 16 2015

STEPHANIE J. EDMONDSON, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF NC

IN RE: Deena A Sharp

XXXXXXXXX 1677 Acorn Ridge Rd CASE NO. XX-XXXXX-XXX    15-03883-5-DMW

Rocky mount NC

**DEBTOR** 27804    **CHAPTER XX** 7

**MOTION TO AVOID JUDICIAL LIEN OF** *–state name of lienholder–* Selene Finance

Now comes Deena Sharp ("Debtor"), by and through counsel, and moves to avoid the judicial lien of Selene ("–*define the lienholder*–") pursuant to 11 U.S.C. § 522(f) and Rules 4003(d) and 9014 of the Federal Rules of Bankruptcy Procedure by showing unto the court the following:

1.    This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.    The Debtor filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on 7/16/15 ("Petition Date").

3.    The Debtor is the sole owner[2] of real property described as 1677 Acorn Ridge Rd Rcky Mt NC ("Property") having a value of around 115,000 as of the Petition Date.

---

[1] The title at the top and the footnotes are for illustration only and not to be part of the form.
[2] If the Property is owned as tenants-in-common or as joint tenants with a non-filing owner, use the form for that ownership. Do not use this form. This form is for fee simple ownership by only the Debtor.

4.      The Property is the Debtor's residence, and the Debtor could claim an exemption in the amount of $35,000.00[3] pursuant to N.C. Gen. Stat. § 1C-1601(a)(1) if there were no liens on the Property.

5.      *[if applicable]* The Property is encumbered by a first priority deed of trust in favor of Selene ("1st Mortgage Creditor"). As of the Petition Date, the obligation owed to the 1st Mortgage Creditor had an unpaid balance of $142,704

6.      *[if applicable]* The Property is encumbered by a second priority deed of trust in favor of _____ ("2nd Mortgage Creditor"). As of the Petition Date, the obligation owed to the 2nd Mortgage Creditor had an unpaid balance of $_____.

7.      Selene ("1st Lien Creditor")[4] obtained a judgment against the Debtor as referenced in file __-___-___ in the Office of the Clerk of Court of Nash County in the amount of $_____, including interest and attorney's fees, as of the Petition Date. That judgment constitutes a judicial lien encumbering the Property.

8.      _____ (*previously defined name of lienholder*) obtained a judgment against the Debtor as referenced in file __-___-___ in the Office of the Clerk of Court of _____ County in the amount of $_____, including interest and attorney's fees, as of the Petition Date. That judgment constitutes a judicial lien encumbering the Property.

9.      Pursuant to 11 U.S.C. § 522(f)(2)(A), "a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii)

---

[3] No reservation has been made in this case for the Wildcard Exemption (N.C. Gen. Stat. § 1C-1601(a)(2)), but a debtor may reserve up to $5,000 of the Homestead Exemption to use for the Wildcard Exemption. The amount of the Homestead Exemption must be **reduced** if a portion is being used under the Wildcard Exemption. The Debtor may also elect to use only a portion of the exemption with respect to the Property.

[4] In this example the 2nd Judicial Lien is sought to be avoided. Either the Property has sufficient equity that the lien with higher priority held by the 1st Lien Creditor cannot be avoided, or the 1st Lien Creditor's lien will be avoided under a subsequent motion. If the value of the Property allows for avoidance of the 1st Judicial Lien, then that Motion would need to be filed **after** the Motion seeking avoidance of the 2nd Judicial Lien. 11 U.S.C. § 522(f)(2)(B). If there is only one judicial lien against the Property, this paragraph about the 1st Lien Creditor is not necessary.

the amount of the exemption that the debtor could claim if there were no liens on the property; exceeds the value that the debtor's interest in the property would have in the absence of any liens."

10.    The total amount of the liens on the Property plus the amount of the exemption the Debtor could claim if there were no liens on the Property exceeds the value the Debtor's interest in the Property would have in the absence of any liens; therefore, the judicial lien of _____ (*previously defined name of lienholder*) impairs an exemption pursuant to 11 U.S.C. § 522(f)(2)(A) and is subject to avoidance pursuant to 11 U.S.C. § 522(f)(1). The calculations are as follows:

| | |
|---|---|
| *[if applicable]* 1st Mortgage Creditor | $ |
| *[if applicable]* 2nd Mortgage Creditor | $ |
| *[if applicable]* 1st Lien Creditor | $ |
| (*previously defined name of lienholder*)[5] | $ |
| Exemption | $ |
| Total Liens and Exemption | $ |
| Less: Property Value | ($          ) |
| Amount of Impairment | $        [6] |
| Amount of Lien Avoided | $ |

Wherefore, the Debtor prays for the court to grant the following relief:

1.    To avoid and cancel the lien held by ~~Selene~~ (*previously defined name of lienholder*) pursuant to a judgment referenced in file __-__-__ in the Office of the Clerk of Court of ~~Nash~~ County in the full amount of the judgment;

2.    To enter an Order stating that the lien held by _____ (*previously defined name of lienholder*) shall have no further force and effect upon the Property, subject to the condition that if this case is dismissed or if this case is converted to a Chapter 7 proceeding then, pursuant to 11

---

[5] Lien to be avoided.

[6] If this amount is zero or negative, then the lien cannot be avoided. If this amount is greater than zero but less than the lien amount, then the lien can only be avoided up to this amount, and the form motion for partial lien avoidance should be used.

U.S.C. § 349(b)(1)(B) and 11 U.S.C. § 348(f)(1)(B),[7] respectively, the lien held by _____ (*previously defined name of lienholder*) shall remain valid and enforceable and shall continue to encumber the Property; and

3.      To grant such other relief as the court deems just and appropriate.

Dated:
October 8, 2015

_Deenata Sharp_

Counsel Signature Block

---

[7] If the case is filed under Chapter 7, this language regarding conversion and referencing 11 U.S.C. § 348(f)(1)(B) is unnecessary.